**In the United States District Court
for the District of Kansas**

United States of America,

        Plaintiff,

v.                                        Case No. 21-10043-01 EFM

Paul Gordon,

        Defendant.

**Sentencing Memorandum**

Paul Gordon, through undersigned counsel, asks the Court to follow the parties' jointly recommended guideline sentence. The PSR correctly calculates a total offense level of 23 and criminal history category VI for a guideline range of 92 to 115 months. The parties have resolved all relevant factual and legal issues by agreement and ask the Court to impose the following:

☐ 92 months in prison

☐ 3 years' supervised release

☐ restitution of $460

☐ no fine

☐ $100 special assessment

☐ order this sentence to be served concurrently with pending Missouri state revocation sentences.[1]

---

[1] The concurrent recommendation is offered under Fed. R. Crim. P. 11(c)(1)(C). PSR ¶ 60 & 61; Doc. 42 at 2 (binding agreement to concurrent sentences with State of Missouri Polk County cases 19PO-CR818-003 and 19PO-CR-1048).

This sentence comports with 18 USC § 3553(a)'s mandate to impose a sentence sufficient but not greater than necessary.[2] Below, Mr. Gordon reviews the relevant statutory factors.

**1. 3553(a)(1): The offense**

This bank robbery involved a serious threat, but no actual weapon. Mr. Gordon was arrested the same day after a police pursuit and has been in custody since that time.[3] He in no way intends to minimize the lasting impact on or risk to the people involved and will address this in his allocution. Here, he only notes that the guideline range already accounts for both the threat (two-level increase under § 2B3.1(b)(2)(F))[4] and the circumstances of his arrest (two-level increase under § 3C1.2).[5]

**2. § 3553 (a)(1) and (2): Mr. Gordon's history and characteristics, deterrence, and rehabilitation**

The proposed 92 months in prison is a substantial prison sentence for a crime that is not characteristic of Mr. Gordon. In his lengthy criminal history, with which

---

[2] *Tapia v. United States,* 564 U.S. 319, 321 (2011) (sentence should justly punish, deter, secure public safety, and rehabilitate).

[3] Mr. Gordon was writted from Montgomery County, Kansas into federal custody. Doc. 5. Since then, the Montgomery County cases have been dismissed. The parties anticipate that the time Mr. Gordon has been in custody since May 5, 2021, will be credited toward his federal sentence.

[4] PSR ¶ 29.

[5] PSR ¶ 32.

2

he does not quibble, he has no violent felony convictions. Most are property-related offenses, such as theft or burglary.[6] The proposed sentence here far exceeds the duration of any prior imprisonment, which appears to be about four years.[7] Most obvious from his criminal history is the Missouri state revolving prison door with repeated failures on supervision, no doubt driven by his addiction. He hopes that the structure and resources of federal supervision result in a more successful outcome.

The common denominator between this offense and past offenses is an unrelenting drug addiction that has endured since his adolescence.[8] From previous cases, this Court is all too familiar with the intersection of addiction and criminality, as well as the profound and destructive power that illicit drugs can hold over an addict's life. In the days before this offense, Mr. Gordon reports a sleepless drug binge alternating heroin, methamphetamine, and ADHD medication, culminating in the robbery and police chase. This is corroborated by an April 29, 2021, Missouri probation positive drug test for amphetamines and THC;[9] his 2021

---

[6] PSR ¶ 51 (municipal stealing conviction). We also note that the under Adult Criminal Conviction, the PSR lists several driving or traffic violations, none of which score in criminal history. See PSR ¶ ¶ 46, 47, 48, 56, 59.

[7] See, e.g., PSR § 52 & 53 (7-year state sentence was satisfied with approximately 49 months in prison).

[8] PSR ¶ 94-103 (he began using drugs at 13 years old); see PSR ¶ 42 & 44 (drug paraphernalia charges).

[9] Missouri Dept. of Corrections Board of Probation and Parole Field Violation Report at 3, dated May 12, 2021.

diagnoses of opioid addiction;[10] and the replete references in the PSR to his drug abuse. Mr. Gordon now knows that he will "need substance abuse treatment for the rest of his life."[11] Mr. Gordon does not recount his drug use in pursuit of any extraordinary mercy, only to offer explanation, admission, and to suggest the parties' agreed recommendation is appropriate.

On the positive side, Mr. Gordon has a 13-year-old daughter who he adores. They talk often, and he has been giving much thought to how he can be a better father from prison over the next years, as she will become an adult before his release. As for his other family, Mr. Gordon's mother died in January 2019 and his father, with whom he had worked in the roofing business, died November 24, 2020, just six months before this offense. These losses deeply affected Mr. Gordon.

Mr. Gordon remains close with his brother Will Gordon, who is a primary source of support for his brother. We request that the Court recommend to BOP that Paul Gordon be placed at **Springfield MCFP**, near his remaining family. There, Mr. Gordon hopes to be on work detail and to take advantage of vocational training so that he has a trade when he is released.  This facility also offers drug abuse treatment and other rehabilitative programs.

---

[10] PSR ¶ 102 (Opioid Use Disorder, Stimulant Disorder, Amphetamine Type; and Cannabis Use Disorder, all Moderate/ Severe.)

[11] PSR ¶ 29.

4

### 3. § 3553(a)(6): avoiding unwarranted disparity

For 2021, the national median sentence length for robbery was 90 months and the median length of imprisonment was 93 months. The proposed 92-month sentence will avoid unwarranted disparity among robbery cases and promote uniformity in sentencing encouraged by Congress.[12]

### 4. § 3553(a)(7): Restitution

Mr. Gordon has agreed to make full restitution of $460. He asks the Court to waive any interest that would accrue while he is incarcerated.

### 5. Conditions of supervised release

Mr. Gordon does not object to either the mandatory or standard condition of supervised release. He does object to two categories of special supervised release conditions. The first category is the financial restrictions outlined in PSR paragraphs 129 & 130. This is an offense born of substance abuse, not financial woes. The strict oversight suggested by the PSR is not justified under 18 U.S.C. § 3583(d).[13] Given the government's concurrence with the PSR's response (para. 147 through 151) and the parties' effort to reach agreement where possible, Mr. Gordon offers a compromise: these restrictions should only apply until he has satisfied the

---

[12] USSC, 2021 Sourcebook of Federal Sentencing Statistics, Table 15.

[13] *United States v. Martinez-Torres,* 795 F.3d 1233, 1237 (10th Cir. 2015) ("When, however, neither the Sentencing Commission nor Congress has required or recommended a condition, we expect the sentencing court to provide a reasoned basis for applying the condition to the specific defendant before the court.").

$460 restitution and the $100 special assessment. Once that has been paid in full, the conditions are not statutorily warranted.

Mr. Gordon also objects to the financial responsibility imposed on him to pay for USPO services, as set forth in paragraph 128, 131, & 132. He has been determined by the Court to be indigent and should not bear the cost of supervision. Again, however, he offers a solution: having registered his objection,[14] his indigency and ability to pay should be evaluated upon his release rather than attempt to forecast them at sentencing.

## 6. Conclusion

Mr. Gordon asks the Court to follow the parties' joint recommendations.

Respectfully submitted,

s/Melody Brannon
MELODY BRANNON, Sup. Ct. No. 17612
Federal Public Defender
Federal Public Defender Office
117 SW 6th Ave., Suite 200
Topeka, KS 66603
Telephone: (785) 232-9828
Fax: (785) 232-9886
E-mail: Melody_Brannon@fd.org

---

[14] The Tenth Circuit has been less that pellucid on the required timing of supervised release objections. *United States v. Cohee*, 716 F. App'x 752, 754 (10th Cir. 2017) and *United States v. Ford*, 882 F.3d 1279, 1286 (10th Cir. 2018) ("When a condition of supervised release is, by its own terms, contingent on the decision of a different actor, that condition is not ripe for immediate review."). Mr. Gordon makes this objection now out of an abundance of caution.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Molly Gordon
Assistant U.S. Attorney
Molly.Gordon@usdoj.gov

              s/Melody Brannon
              MELODY BRANNON, Sup. Ct. No. 17612